# Joshua E. Borton, Appellant, *v.* Brines-Chase Co., William H. Burnett, Trustee, and Strawbridge & Chase.

*Corporations—Foreign corporations—Receiver—Insolvency.*

The appointment of a foreign receiver being an act of comity, and addressed to the discretion of the court, will not be made where it will be against the interest of citizens of this state, and where it will serve no good purpose.

Inasmuch as the New Jersey act of March 5, 1895, prohibiting assignments for creditors and confession of judgments on the part of an insolvent corporation, does not go to the organic power of the corporation, but affects only the remedy, it is of merely local application and has no effect upon New Jersey corporations doing business in this state. The act does not apply retroactively to corporations chartered under the law as it existed before the passage of the act.

Argued April 7, 1896.    Appeal, No. 233, Jan. T., 1896, by plaintiff, from decree of C. P. No. 4, Phila. Co., March T., 1895, No. 1324, dismissing bill in equity.    Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ.    Affirmed.

Bill in equity for a receiver, etc.

From the record it appeared that the Brines-Chase Company was organized in 1893 under the general corporation laws of the state of New Jersey, namely, an act of assembly entitled " An act concerning corporations," and approved April 7, 1875, and the several supplements and amendments thereto. After its incorporation it carried on business in the city of Philadelphia until on or about April 19, 1895, when it became insolvent and suspended business.

The following is a copy of the minutes of the company :

" At a special meeting of the directors of the Brines-Chase Company held at Philadelphia on April 22, 1895, at 2 : 30 P. M., there were present Messrs. Fred. Chase, Morton Chase and Ernest H. Chase.

" On motion it was resolved that judgment be confessed to William H. Burnett, as trustee, in the sum of $20,000, to secure the indebtedness of this company to Henry H. Collins and William Pearsall for the sum of $10,000 each, the proceeds to be equally divided between them, and the proper officers of this

company be instructed to execute a judgment note for the purpose aforesaid, bearing date April 19, 1895, payable in one day, and that a judgment note dated and made payable as aforesaid be executed and delivered to Strawbridge & Chase for $1,530.26 to secure the indebtedness of this company to them for that amount.

" On motion it was resolved that a general assignment be made of the assets of this company for the benefit of its creditors, and the president and secretary are hereby authorized and instructed to make a deed of assignment to William M. Chase in trust for the benefit of said creditors."

Pursuant to these resolutions a judgment note for $20,000 was executed and delivered to William H. Burnett, trustee, for the purpose named, dated the 19th day of April, which was entered of record on the 22d day of April, 1895, the same day it was given, and an execution immediately issued thereon; like judgment note was given to Strawbridge & Chase, dated the 19th day of April, 1895, and entered of record on the 23d day of April, 1895, and the attachment sur judgment issued thereon and served the same day; a general assignment for the benefit of the creditors of the said company was also executed on the 23d day of April, 1895, and lodged for record on the 24th, after a levy had been made on the fi. fa. and the writ of attachment sur judgment had been served on the several creditors, summoning them as garnishees ; whereupon a bill in equity was filed in the court of chancery in New Jersey and the plaintiff was appointed receiver as aforesaid, and after demand by him for possession of the property and refusal by the defendants to deliver the same to him, the bill in this case was filed.

The case was heard on bill, answer, replication and proofs, and THAYER, P. J., filed the following opinion.

The bill in equity in this case was filed by a receiver appointed by the New Jersey court of chancery, on April 29, 1895, to set aside a deed of general assignment for the benefit of creditors of the Brines-Chase Company, a New Jersey corporation, executed and delivered in Pennsylvania, April 23, 1895, in pursuance of the resolution of the board of directors of the said corporation, at a meeting held here, as well as to set aside two judgments entered upon single bills executed in this state, under

like authority to Pennsylvania creditors upon which executions were issued, and to restrain the sale by the sheriff of the personal property of said corporation upon which levy had been made and the sale thereof advertised. A temporary injunction was granted restraining said sale, which after hearing was dissolved, and the motion for appointment of a receiver was refused.

Certain statutes of the state of New Jersey, particularly the act of 1895, which, it is alleged, prohibits such assignment and confession of judgments on the part of the insolvent corporations, are invoked in behalf of the receiver appointed by the New Jersey court, and to justify such interposition of the courts of this state. We do not think that we ought to interfere in this case to grant the remedies prayed for, and our conclusion is based upon the following reasons :

1. In our opinion, the acts in question are of local application, and have no extraterritorial effect. They do not go to the organic power of the corporation, but affect only the remedy, and under the authority of Pairpoint v. Watch Company, 161 Pa. 17; East Side Bank v. Columbus Tanning Co., 170 Pa. 1, we hold that they do not operate to control the action of the corporation in the distribution of property in this state, made in accordance with the laws thereof.

2. Even assuming that the act of 1895 prohibits the confession of judgments or a general assignment for the benefit of creditors, we do not think that it can be made to apply retroactively to corporations chartered under the law as it existed before its passage.

3. The appointment of a foreign receiver is addressed to our discretion, and is an act of comity, and such appointment will not be made where, as in this case, it would be against the interest of citizens of this state, and would serve no good purpose.

The bill is dismissed, with the costs to be paid by the plaintiff.

*Error assigned* was decree dismissing bill.

*J. Quincy Hunsicker, Mayne R. Longstreth* and *Charles K. Chambers* with him, for appellant.—A corporation is the creature of the law. It is always subject to the law of its charter, or, if

it has no special charter, then to the incorporation laws of the state or sovereignty under and by virtue of which it has been created: Lincoln Shoe Mfg. Co. v. Sheldon, 48 Am. & Eng. Corp. Cases, 428; Bockover v. Life Assn., 77 Va. 85; Relfe v. Rundle, 103 U. S. 222; Metropolitan Bank v. Godfrey, 23 Ill. 579; Rue v. R. R., 8 S. W. Rep. 533; Davis v. R. R., 131 Mass. 259; Republican Mt. Silver Mines Co. v. Brown, 58 Fed. Rep. 644; Demarest v. Flack, 128 N. Y. 205; Lancaster v. Amsterdam Imp. Co., 140 N. Y. 576; Pierce v. Crompton, 13 R. I. 312; Thompson v. Waters, 25 Mich. 215; White v. Howard, 38 Conn. 342; Ohio Life Ins. Co. v. Merchants Ins. Co., 11 Humph. 24; Thompson v. Swope, 24 Pa. 474; American Bible Soc. v. Marshall, 15 Ohio, 537; Fellows v. Wiener, 109 Mass. 541; O'Brien v. Wetherill, 14 Kan. 616; Woods v. Lawrence Co., 1 Black, U. S. 386; Mercer Co. v. Hacket, 1 Wall. U. S. 93; Barth v. Bockius, 140 N. Y. 230.

Charters may be altered or amended in all cases where the power to do so is reserved in the charter or in some antecedent general law: Pennsylvania College Cases, 80 U. S. 190; Miller v. N. Y., 82 U. S. 499; Greenwood v. Freyts, 105 U. S. 13; Spring Valley Water Works v. Schottler, 110 U. S. 347; Little v. Bowers, 17 Vr. 304; M. & E. R. R. v. Comrs., 8 Vr. 228; Montclair v. Greenwood Lake R. R., 18 Stew. Eq. 436; Hammond v. Hastings, 134 U. S. 401.

A comity exists between Pennsylvania and New Jersey and the New Jersey courts will, independent of any statute and simply as a matter of curtesy, extend its aid to the receiver of a foreign corporation for the purpose of enabling him to get possession of property which should in equity be applied in payment of the debts of the corporation: National Trust Co. v. Miller, 6 Stew. 155; 20 Am. & Eng. Ency. of Law, 66.

*James Aylward Develin*, for appellees.—The New Jersey act of 1895, disabling insolvent corporations from making transfers and assignments, has no extraterritorial effect: Hoyt v. Thompson, 19 N. Y. 208; Hoyt v. Sheldon, 3 Bosw. 267; Hoyt v. Thompson, 5 N. Y. 320; Ellsworth v. St. Louis R. R., 98 N. Y. 553; Morawetz on Private Corporations, sec. 967.

An assignment will not be allowed by the courts of another state to prevail against any remedy which the laws of the latter

afford to its own citizens against property within its jurisdiction, and this whether the debtor be a corporation or an individual: Thompson's Commentaries on Corporations, sec. 7338; Smith's App., 104 Pa. 388; Taylor v. Columbian Ins. Co., 14 Allen, 353.

The law of Pennsylvania governs this assignment, which was executed and delivered here, at least to the extent of the property situate here: Law v. Mills, 18 Pa. 185; Mulliken v. Aughinbaugh, 1 P. & W. 124; Lowry v. Hall, 2 W. & S. 132; Burrill on Assignments, 357.

PER CURIAM, April 27, 1896:

We are satisfied that the controlling questions in this case were rightly decided by the learned president of the court below, and we are quite content to affirm the decree on his opinion. There appears to be nothing in the record that would justify us in sustaining any of the specifications of error.

Decree affirmed on the opinion of the learned president of the court below, and appeal dismissed at plaintiff's costs.